IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HELENA PEOPLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-CV-0670-SMY-SCW |
| ) | |
| NOVARTIS PHARMACEUTICALS ) | |
| CORPORATION, Successor to SANDOZ, ) | |
| INC., a/k/a SANDOZ PHARMACEUTICALS ) | |
| CORPORATION, et al., ) | |
| ) | |
| Defendants. | |

# MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Reconsider (Doc. 17). On May 5, 2015, Plaintiff filed her Complaint against Defendants in the Circuit Court of St. Clair County, Illinois, asserting that she sustained injuries *in utero* as a result of her mother's use of Amitriptyline and Toradol during pregnancy (Doc. 1-1). On June 16, 2015, Defendant Roche removed this case to the Southern District of Illinois asserting that Defendant Walgreen Co. was fraudulently joined (Doc. 1). Defendant Novartis consented to the removal (Doc. 1-3).

On June 17, 2015, Plaintiff filed a Motion to Remand (Doc. 5) on the basis that Defendant Roche had not obtained consent of all Defendants. However, Plaintiff did not dispute Defendant Roche's allegations of fraudulent joinder. Finding consent to removal from fraudulently-joined defendants unnecessary, the undersigned denied Plaintiff's motion (Doc. 15).

Plaintiff then filed the instant motion explaining that she did not dispute fraudulent joinder because Walgreens itself had not alleged improper joinder and, therefore, she did not feel it was a contested issue. Additionally, relying on her negligence claim against Walgreens, Plaintiff contends she did not join Walgreens fraudulently. She also concedes that she should

have presented this argument to the Court in her initial motion to remand. Under the circumstances, the Court finds it appropriate to reconsider its Order at Doc. 15.

Federal courts are courts of limited jurisdiction and may only hear cases authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "For a cause to be within the diversity jurisdiction of the federal courts, diversity must be 'complete,' meaning that no plaintiff may be a citizen of the same state as any defendant." *Fidelity & Deposit Co. of Md. V. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983). An amount in excess of $75,000, exclusive of interest and costs, must be in controversy. *See* 28 U.S.C. § 1332(a)(1).

Out-of-state defendants seeking removal must clear a high hurdle to show that a plaintiff fraudulently joined a party. The Seventh Circuit has noted, [t]he defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). Where the defendant makes such a showing, the federal court may "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, and thereby retain jurisdiction." *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013) (quoting *Schur v. L.A. Weight Loss Centers*, 577 F.3d at 752, 763 (7th Cir. 2009)).

Count IX of Plaintiff's Complaint alleges that Walgreens was negligent in distributing and filling Plaintiff's mother's prescription for the drug Toradol without warning of possible effects of Toradol on pregnancy and unborn children *in utero*. It further alleges that Walgreens breached an implied warranty of merchantability as to Toradol.

In alleging fraudulent joinder, Roche argues that Plaintiff cannot prevail on the negligence claim against Walgreens under the "learned intermediary" doctrine, which insulates

drug manufacturers from liability for failing to warn consumers where only a warning to prescribing physicians is sufficient.  *Walton v. Bayer Corp.*, 643 F.3d 994, 999-1000 (7th Cir. 2011).  In the context of pharmaceutical distribution, Roche cites the Seventh Circuit as stating "[i]t would be senseless, especially given drug regulation by the Food and Drug Administration and the extensive tort liability of drug manufacturers, to make pharmacies liable in tort for the consequences of failing to investigate the safety of thousands of drugs." *Id*.  However, the Court in *Walton* also held that a pharmacy sometimes knows of individual patient susceptibilities that a manufacturer or even a treating physician may not know. *Id.*  As such, there are circumstances under which a pharmacy has a duty to warn their customers under Illinois law. *Id*.

The Court is required to resolve all issues of state law against removal and, to the extent there is any ambiguity as to the application of the learned intermediary doctrine, the Court must resolve that ambiguity in Plaintiff's favor. *See Riddle v. Merck & Co*., 2006 WL 1064070, at *6 (S.D.Ill. Apr. 21, 2006); *LaRoe v. Cassens & Sons, Inc*., 472 F. Supp. 2d 1041, 1047-48 (S.D. Ill. 2006).  Here, the application of the learned intermediary doctrine does not mandate the dismissal of Walgreens in this case.

Accordingly, Plaintiff's Motion to Reconsider is **GRANTED.** The Court **VACATES** its Order Denying Remand (Doc. 15) and **REMANDS** this case to the Circuit Court of St. Clair County, Illinois for further proceedings.

**IT IS SO ORDERED.**

**DATE: September 15, 2015**

                                                     s/ *Staci M. Yandle*
                                                   **STACI M. YANDLE**
                                                   **United States District Judge**